**IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF GEORGIA MACON DIVISION**

| | | |
|---|---|---|
| **DEBRA JACKSON,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | **CIVIL ACTION** |
| **v.** | : | **No. 5:26-CV-277 (CAR)** |
| | : | |
| **HIREN PATEL,** | : | |
| | : | |
| **Defendant.** | : | |
| | : | |

**ORDER ON MOTION TO PROCEED *IN FORMA PAUPERIS***

Before the Court is *pro se* Plaintiff Debra Jackson's Motion to Proceed *In Forma Pauperis* ("IFP"). Having reviewed Plaintiff's Affidavit, it appears she is unable to pay the cost of commencing this action or the United States Marshal service fees. Accordingly, Plaintiff's Motion to Proceed IFP [Doc. 2] is **GRANTED.** But, because Plaintiff fails to allege facts sufficient to state any viable claim for relief, **there will be no service of process until further order of this Court.**

If Plaintiff wishes to maintain this action, then pursuant to 28 U.S.C. § 1915(e)(2) she **must file a recast Complaint within 21 days** of the date of this Order, which will supersede her original Complaint, as hereinafter directed.

**A. Motion to Proceed IFP**

Motions to proceed IFP are governed by 28 U.S.C. § 1915(a)(1), which provides:

> [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses[1] that the person is unable to pay such fees or give security therefor.

When considering a motion to proceed IFP filed under § 1915(a), "[t]he only determination to be made by the court . . . is whether the statements in the affidavit satisfy the requirement of poverty."[2] The Court should accept statements contained in an IFP affidavit, "absent a serious misrepresentation."[3] Although a litigant need not show [s]he is "absolutely destitute" to qualify under § 1915(a), [s]he must show that "because of h[er] poverty, [s]he is unable to pay for the court fees and costs, and to support and provide necessities for h[er]self and h[er] dependents."[4]

The Court has reviewed Plaintiff's application to proceed IFP and is satisfied that she cannot pay the court fees because of poverty. Plaintiff states she receives $2,300 to $2,500 per month in income, has $200 in her checking and savings accounts, and her monthly expenses total approximately $4,500.[5] The Court finds Plaintiff qualifies as a pauper under § 1915, and her Motion [Doc. 2] is **GRANTED**.

**B. Preliminary Screening**

---

[1] "Despite the statute's use of the phrase 'prisoner possesses,' the affidavit requirement applies to all persons requesting leave to proceed IFP." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n.1 (11th Cir. 2004).
[2] *Martinez*, 364 F.3d at 1307 (internal quotation marks and citation omitted).
[3] *Id.*
[4] *Id.* (citation omitted).
[5] Plaintiff's Motion to Proceed IFP [Doc. 2].

Because Plaintiff is proceeding IFP, the Court is required to screen her Complaint and must *sua sponte* dismiss the complaint or portion thereof which (1) is found to be frivolous or malicious, (2) fails to state a claim on which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief.[6] Title 28 U.S.C. § 1915(e) "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless."[7]

Dismissal for failure to state a claim is appropriate when the facts as pleaded do not state a claim for relief that is "plausible on its face"[8] and is governed by the same standard as a dismissal under Federal Rule of Civil Procedure 12(b)(6).[9] A claim is plausible where the plaintiff alleges factual content that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[10] The plausibility standard requires that a plaintiff allege sufficient facts "to raise a reasonable expectation that discovery will reveal evidence" that supports a plaintiff's claims.[11] *Pro se* "pleadings are held to a less stringent standard than pleadings drafted by attorneys and

---

[6] 28 U.S.C. § 1915(e)(2)(b).
[7] *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).
[8] *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009).
[9] *See, e.g.*, *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997).
[10] *Ashcroft*, 556 U.S. at 663.
[11] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007).

will, therefore, be liberally construed."[12] But "[d]espite the leniency afforded *pro se* plaintiffs, the district court does not have license to rewrite a deficient pleading."[13]

It appears Plaintiff purports to assert a claim under Title III of the Americans with Disabilities Act of 1990 ("ADA") against an individual named Hiren Patel. In her Complaint, Plaintiff alleges she is an individual with a disability who uses a service dog, and Defendant Patel "denied Plaintiff service on three separate occasions because of the presence of her service dog" causing her "humiliation, emotional distress, embarrassment, and the denial of equal access to a place of public accommodation."[14] She seeks $75,000 in damages and an order directing Defendant to comply with the ADA.

Plaintiff has failed to state any viable claim for relief. Title III of the ADA addresses the "[p]rohibition of discrimination by public accommodations" that are operated through private entities.[15] In general, Title III of the ADA provides:

> No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the good, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation.[16]

---

[12] *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006) (citations omitted).
[13] *Osahar v. United States Postal Serv.*, 297 F. App'x 863, 864 (11th Cir. 2008).
[14] Complaint, p. 6 [Doc. 1].
[15] *Houston v. Marod Supermarkets, Inc.*, 733 F.3d 1323, 1329 (11th cir. 2013).
[16] 42 U.S.C. § 12182(a).

To state a prima facie case of disability discrimination under Title III of the ADA, the plaintiff must plausibly allege that (1) she is an individual with a disability within the meaning of the ADA; (2) the defendant owns or operates a place of public accommodation; and (3) the defendant discriminated against the plaintiff by denying the plaintiff, on the basis of the plaintiff's disability, full and equal enjoyment of the goods and services provided by the defendant.[17] Places of public accommodation must allow individuals with disabilities "to be accompanied by their service animals in all areas … where members of the public, program participants, clients, [and] customers … are allowed to go."[18]

First, Plaintiff has failed to allege any facts demonstrating that she qualifies as an individual with a disability. "The ADA defines the term 'disability' as (1) a physical or mental impairment that 'substantially limits one or more' of an individual's 'major life activities,' (2) a 'record of such impairment,' or (3) 'being regarded as having such an impairment' as described in subsection (1)."[19] Plaintiff conclusively alleges that she "is an individual with a disability who uses a trained service dog," but she fails to allege any facts either identifying a physical or mental impairment or describing how her

---

[17] *See Kennedy v. Floridian Hotel, Inc.*, 998 F.3d 1221, 1231 (11th Cir. 2021) (citing 42 US.C. § 12182(a)).
[18] *Cardoves v. Miami-Dade Cnty.*, 104 F. Supp. 3d 1350, 1355 (S.D. Fla. 2015) (citing 28 C.F.R. § 36.302(c)(7)).
[19] *Mazzeo v. Color Resolutions Int'l, LLC*, 746 F.3d 1264, 1268 (11th Cir. 2014) (quoting 42 U.S.C. § 12102(1)).

condition(s) substantially limit(s) any major life activity.[20] Moreover, Plaintiff alleges that her dog serves as a service animal but does not provide any facts demonstrating the work or tasks performed by the dog or any facts demonstrating what disability or condition the dog services.[21] "[E]motional support, well-being, comfort, or companionship" do not qualify a dog as a service dog without additional tasks that are more "directly related to the individual's disability."[22]

Second, Plaintiff fails to allege facts sufficient to show that Defendant owns or operates a place of public accommodation. 42 U.S.C. § 12181(7) provides of list of places that—although privately owned—are considered public accommodations subject to the protections afforded by Title III of the ADA. Again, Plaintiff conclusively alleges that "Defendant repeatedly denied Plaintiff equal access to a place of public accommodation," but she does not identify the establishment or allege that Defendant owns or operates the establishment.[23] There is no individual capacity liability under the ADA for individual employees.[24] Thus, the Court cannot determine whether the establishment is subject to the protections afforded by Title III of the ADA.

---

[20] Compl., p. 6.

[21] *See Alejandro v. Palm Beach State Coll.*, 843 F. Supp. 2d 1263, 1270 (S.D. Fla. 2011) (holding that the Plaintiff could succeed on ADA claim because she adequately alleged that her dog qualified as a service animal).

[22] *See Cordoves*, 104 F. Supp. 3d at 1355.

[23] Compl., p. 5.

[24] *Badillo v. Thorpe*, 158 F. App'x 208, 211 (11h Cir. 2005) (citing *Garcia v. S.U.N.Y. Health Scis. Ctr. Of Brooklyn*, 280 F.3d 98, 107 (2nd Cir. 2001)).

Finally, Plaintiff fails to offer any factual allegations demonstrating any exclusion from the establishment was based on her disability. Plaintiff must plausibly allege Defendant discriminated against her by denying her full and equal enjoyment of the goods and services provided by the entity on the basis of her disability.[25] Plaintiff's bare assertion that she and her service dog were denied access is not sufficient to establish discrimination in violation of the ADA. Exclusion of an individual and their service animal is not *per se* discriminatory conduct. The ADA requires that the exclusion or discriminatory conduct be *on the basis of* the individual's disability.

Given Plaintiff's *pro se* status, the Court will afford her an opportunity to amend her complaint to state viable claims.[26] The Court will not look back to the facts alleged in the original complaint once any amended complaint is filed; the Court will only consider the facts in the amended complaint when it conducts the frivolity review required by § 1915(e)(2)(B).[27]

In the "statement of claims" section of her amended complaint, Plaintiff must link any claims she makes to the named defendant. If Plaintiff fails to link the named defendant to a claim, the claim will be dismissed; if Plaintiff makes no allegations in the

---

[25] *Kennedy*, 998 F.3d at 1231.

[26] *See Duff v. Steub*, 378 F. App'x 868, 872 (11th Cir. 2010) ("When it appears a pro se plaintiff's complaint, if more carefully drafted, might state a claim, the district court should give the pro se plaintiff an opportunity to amend h[er] complaint instead of dismissing it.").

[27] *Hoefling v. City of Miami*, 811 F.3d 1271, 1277 (11th Cir. 2016) (holding that the filing of an amended pleading renders the previous pleading a "legal nullity").

body of her complaint against the named defendant, that defendant will be removed from the action and dismissed. Plaintiff must provide enough facts to plausibly demonstrate the defendant's actions or omissions resulted in the violation of his rights under a specific law. Plaintiff must identify the named Defendant. It is recommended that, when drafting her "statement of claims," Plaintiff list numbered responses to the following questions (to the extent possible) along with the name of the defendant:

(1) What did the defendant do (or not do) to violate her rights?

(2) When did each action occur?

(3) How was Plaintiff injured as a result of the defendant's action?

(4) What law did the defendant violate?

In drafting her recast Complaint, Plaintiff should take care to comply with Federal Rules of Civil Procedure 8(a)(2) and 10(b).[28] Complaints that violate these Rules "are often disparagingly referred to as 'shotgun pleadings.'"[29] Shotgun pleadings may contain "conclusory, vague, and immaterial facts not obviously connected to any particular cause of action"[30] or fail to separate each cause of action or claim for relief into a separate count.[31] "The unifying characteristic of all types of shotgun pleadings is that they fail to

---

[28] Fed. R. Civ. P. 8(a)(2) states "A pleading that states a claim for relief must contain: . . . a short and plain statement of the claim." Fed. R. Civ. P. 10(b) states "A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances[.]"

[29] *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015).

[30] *Id.* at 1322 (footnote omitted).

[31] *Id.* at 1323 (footnote omitted).

one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests."[32]

Plaintiff's Complaint fails to give Defendant adequate notice of the claims against him and the grounds for each claim. To comply with Rule 10(b), Plaintiff must adequately allege factual allegations into numbered paragraphs to sufficiently state a claim and allow Defendant to respond to each claim individually. Plaintiff must separate her causes of action into separate counts and clarify the factual allegations supporting each claim.

**C. Rule 11 Obligations**

The Court informs Plaintiff of her obligations under Rule 11 of the Federal Rules of Civil Procedure, particularly Rule 11(b), which governs her representations to the Court:

> By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) It is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase cost of litigation;
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

[32] *Weiland*, 792 F.3d at 1323 (footnote omitted).

(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.[33]

**D. Artificial Intelligence**

Finally, the Court has seen a marked increase in the use of technology such as ChatGPT, Google Gemini, Claude, Grok, or other generative artificial intelligence ("AI") services to prepare and file documents by unrepresented parties, who may not understand fully their pleading obligations. The Court cautions Plaintiff that these generative AI technologies may produce factually or legally inaccurate content.

The Court does not prohibit the use of AI, but to comply with Rule 11 of the Federal Rules of Civil Procedure, Plaintiff must review and verify all computer-generated content (including content from legal blogs and online summaries) to ensure that it is accurate and complies with Rule 11. To assist Plaintiff in meeting her pleading obligations, the Court **ORDERS** the follows:

**In all pleadings, including Plaintiff's amended complaint, Plaintiff must include a signed statement fully disclosing the use of AI to assist in the preparation and drafting of the pleading. In the statement, Plaintiff must certify that he has verified the accuracy of all facts and all legal authorities cited in the pleading. Failure to comply with this paragraph will result in sanctions, including, if appropriate, dismissal of this lawsuit.**

---

[33] Fed. R. Civ. P. 11(b).

## CONCLUSION

Plaintiff's Motion to Proceed IFP [Doc. 2] is **GRANTED.** If Plaintiff wishes to maintain this action, then pursuant to 28 U.S.C. § 1915(e)(2) she **must file a recast Complaint** within 21 days of the date of this Order, which will supersede her original Complaint. This recast Complaint **MUST** be filed in accordance with the directives contained in this Order. If Plaintiffs fail to respond within twenty-one (21) days, the Court will dismiss this action without prejudice. Upon receipt of any amended complaint, the Court will reevaluate the Complaint pursuant to 28 U.S.C. § 1915(e). **There will be no service of process until further notice from the Court.**

**SO ORDERED,** this 22nd day of October, 2026.

S/ C. Ashley Royal
C. ASHLEY ROYAL, SENIOR JUDGE
UNITED STATES DISTRICT COURT